# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RACHEAL LYNN BARBER,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 5:10-CV-135 (CAR) |
| VS. : | |
| : | |
| **THERON HARRISON,** : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| **Defendant.** : | Before the U.S. Magistrate Judge |
| _____ : | |

## RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant Dr. Theron Harrison. Doc. 16. For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

Plaintiff has not opposed Defendant's Motion for Summary Judgment. After the Motion was filed, the Court directed Plaintiff to prepare and file a response within thirty days. Doc. 21. Plaintiff failed to comply with this order. The Court entered a second order directing Plaintiff to show cause for her failure to respond. Doc. 23. This order was returned to the Court in an envelope marked "undeliverable - moved - left no address." Due to Plaintiff's failure to keep the Court apprised of her current mailing address or to produce any evidence or other argument in response to Dr. Harrison's motion, it appears that Plaintiff has abandoned her claim. Nevertheless, before entering summary judgment for the Defendant, it is the responsibility of the Court to ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

A review of the record in this case shows that Plaintiff has failed to create a genuine issue of material fact with regard to her claims. In her Complaint, Plaintiff alleges that Dr. Harrison, a physician at the Baldwin County Law Enforcement Center, was deliberately indifferent to her serious medical needs. Specifically, she complains about side effects from various medications that

were prescribed. She also contends that Dr. Harrison prescribed medications without conducting examinations and often ignored or denied her requests for sick call. Plaintiff alleges that her experience with Dr. Harrison was "neglectful and tremendously unsatisfactory to say the least." Complaint p. 8 (Doc. 1).

With his Motion for Summary Judgment, Dr. Harrison has submitted an affidavit outlining Plaintiff's treatment history during her stay at the Baldwin County LEC. This history indicates that Plaintiff received extensive medical treatment, including specialized care. Plaintiff has presented no evidence to challenge Dr. Harrison's affidavit, and the affidavit is sufficient to establish, as a matter of law, that Dr. Harrison was not deliberately indifferent to Plaintiff's serious medical needs.

"Deliberate indifference" is recognized as a form of cruel and unusual punishment prohibited by the Eighth Amendment. To state a viable claim of medical deliberate indifference, a plaintiff must show (1) "an objectively serious medical need" and (2) a defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). As such, allegations of mere negligence or even medical malpractice will not suffice. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Moreover, so long as the provided medical treatment is "minimally adequate," an inmate's preference for more or different treatment will not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Stated another way, absent evidence of 1) an outright refusal to provide necessary medical care; 2) a deliberate delay in the provision of necessary treatment; 3) the administration of "grossly inadequate care;" or, 4) "medical care which is so cursory as to amount to no treatment at all," an inmate's claim of medical deliberate will not succeed even where an objectively serious medical need and a defendant's subjective knowledge thereof has been established. McElligott, 182 F.3d at 1255 (citations omitted).

The records submitted by Defendant show that Plaintiff was arrested and brought to the Baldwin County LEC on October 5, 2009. From October 9, 2009 to October 13, 2009, she was placed in medical isolation. While in medical isolation, Plaintiff was observed every thirty minutes

by various members of the jail's medical staff. During her time in medical isolation, Plaintiff did not complain to any member of the medical staff about any medical problems or symptoms.

On October 13, 2009, the day Plaintiff was released from isolation and placed back in the jail's general population, she was seen by a nurse. At that time, Dr. Harrison authorized a nurse to prescribe Cipro, Motrin, and Novahist. After conferring with the office of Plaintiff's private psychiatrist, Dr. Harrison also renewed Plaintiff's prescription for Depakote.

On October 20, 2009, Plaintiff submitted a request to see a doctor and to receive medication to help relieve cramping. On October 22, 2009, Dr. Harrison treated Plaintiff and determined that she should continue taking the antibiotics (Cipro) that he had prescribed her earlier. Dr. Harrison also wrote Plaintiff a prescription for Phenegran to help alleviate her cramping and nausea.

Soon thereafter, Plaintiff reported that the medications she was taking were making her sick. In response, Dr. Harrison treated her for vaginal discharge and breast tenderness, diagnosed her with fibrocystic breast and vaginitis, and prescribed her Flagyl, Diflucan, and Dyspel.

Shortly after Plaintiff began treatment for fibrocystic breast and vaginitis, she submitted a request to see a doctor for symptoms of depression. On November 10, 2009, Dr. Harrison prescribed Celexa to treat her bouts of depression.

Later that month, Plaintiff reported that she was suffering from sleeping difficulty and from a rash on her stomach. Dr. Harrison saw her for these complaints on November 19, 2009. During this visit, Dr. Harrison diagnosed Plaintiff with dermatitis and prescribed Lotrisone to alleviate the rash and Benadryl to help her sleep.

On December 22, 2009, in response to Plaintiff's complaints of cramping and twitching in her leg, Dr. Harrison saw Plaintiff again. Plaintiff requested narcotic sleep medications to help with her leg but, after examining her, Dr. Harrison determined that no additional prescriptions were necessary.

Plaintiff also received specialized psychiatric care during her stay at the Baldwin County LEC. At Plaintiff's request, Dr. Harrison referred Plaintiff for an appointment with Dr. Barton, a

psychiatrist who works at the jail. Dr. Barton saw Plaintiff on January 20, 2010. As a result of this visit, Plaintiff's prescription for Depakote was discontinued and she was started on Seroquel, an antimanic, anti-psychotic medication used to treat obsessive compulsive disorder.

On February 11, 2010, Dr. Harrison saw Plaintiff in response to her complaints of itchy lips, a cough, and shortness of breath. Plaintiff was diagnosed with an upper respiratory infection and was prescribed Biaxin and Rondec DM. In addition, Dr. Harrison discontinued Plaintiff's Seroquel prescription because he had been informed by jail staff that on two occasions in a three-week period she had been caught hoarding her Seroquel.

The history outlined in Dr. Harrison's affidavit clearly demonstrates that Plaintiff was been provided with extensive and even specialized medical care and treatment for her various medical conditions. Plaintiff's complaints amount, at most, to a disagreement about the specific methods of treatment or a dissatisfaction with Dr. Harrison's manner. Even when viewed in the light most favorable to Plaintiff, the evidence is simply not sufficient to permit a reasonable jury to find that the Defendant exhibited deliberate indifference. Accordingly, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Though it may prove to be an exercise in futility, the Clerk is directed to serve Plaintiff at the last address provided by her.

**SO RECOMMENDED**, this 15th day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge